IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No.  05-cv-4194-JPG-DGW |
| ) | |
| GEORGE A. LUNA, ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Progressive Casualty Insurance Company's ("Progressive") objection (Doc. 45) to an order issued by Magistrate Donald G. Wilkerson (Doc. 44). A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Wilkerson's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

    Magistrate Judge Wilkerson's order stemmed from a discovery dispute between Progressive and defendant George Luna's ("Luna"). Progressive served Luna with interrogatories and requests for production on April 11, 2006, and with requests for admissions on June 16, 2006.[1] Luna responded to none of the discovery requests in a timely matter, and on September 1, 2006, Magistrate Judge Wilkerson held a discovery dispute conference. At the conference, he addressed the delinquent responses to the interrogatories and the requests for production and ordered that Luna respond to those requests without objection by September 11, 2006. He did not, however, address the requests for admissions. On September 11, Luna responded to the interrogatories, requests for production and requests for admissions. Because Luna had responded, albeit belatedly, to the requests for admissions,

---

[1]Magistrate Judge Wilkerson's order incorrectly states that the requests for admissions were served in 2005, not 2006. They were actually served in 2006.

Magistrate Judge Wilkerson denied Progressive's motion to deem the matters within the requests admitted (Doc. 44), finding that the motion was moot in light of the belated responses to the requests for admissions. It is from this order that Progressive appeals.

Luna's failure to respond to the requests for admissions within 30 days admits the matters therein. Fed. R. Civ. P. 36(a). Where a party does not timely respond to requests for admissions, the matters therein are "conclusively established." Fed. R. Civ. P. 36(b). Magistrate Judge Wilkerson's order denying the motion to deem the requests for admissions admitted is therefore clearly erroneous. The Court therefore **REVERSES** his order (Doc. 44) and **GRANTS** the motion to deem the matters within the requests admitted (Doc. 39).

This is not the end of the matter, however. Rule 36(b) also provides that, upon a party's motion, the Court may allow the party to withdraw its admissions:

> when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Thus, although the matters are admitted for the time being, Luna may move to withdraw those admissions should be feel the standard in Rule 36(b) is satisfied. Should he make such a motion, Magistrate Judge Wilkerson will then have an occasion to determine whether withdrawal is proper.

**IT IS SO ORDERED.**
**Dated: October 16, 2006**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**