IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE. CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-4194-JPG |
| ) | |
| GEORGE A. LUNA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Progressive Casualty Insurance Co.'s ("Progressive") motion for summary judgment (Doc. 35). Defendant George A. Luna ("Luna") has not responded to the motion.

In this case, Progressive claims that Luna obtained an insurance policy from Progressive by making fraudulent misrepresentations. It also claims he intentionally set two fires to destroy insured property, made claims on the policy, and concealed the true origin of the fires. Progressive seeks in this litigation to recover amounts paid to Luna after the first fire and to void the policy.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court

cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

Progressive's summary judgment motion is based primarily on facts deemed admitted by Luna's failure to timely respond to requests for admissions propounded under Federal Rule of Civil Procedure 36. Since it filed its summary judgment motion, the Court has allowed Luna to withdraw those admissions and file responses to the requests for admissions (Doc. 51). In the absence of those admissions, Progressive cannot meet its strict burden of proving it is entitled to summary judgment, even in the absence of a response from Luna to the summary judgment motion. For this reason, the Court **DENIES** the Progressive's summary judgment motion (Doc. 35).

**IT IS SO ORDERED.**
**DATED:  January 22, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**