IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROGRESSIVE CASUALTY </br> INSURANCE COMPANY </br>     Plaintiff, </br> </br> vs. </br> </br> GEORGE A. LUNA, </br>     Defendant. | ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 05-cv-4194-JPG </br> ) </br> ) </br> ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant George Luna's ("Luna") motion for leave to file an amended answer and affirmative defense as to Count II (Doc. 63). Under the circumstances of this case – more than 20 days after his original pleading was served and on the eve of trial – Luna can only amend his answer with leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Plaintiff Progressive Casualty Insurance Company has not consented in writing, so Luna may only amend his answer by leave of court.

Rule 15(a) conveys a liberal approach to amendments, stating that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court

should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351.

Justice requires that amendment be allowed in this case. The omission of a response to Count II was an inadvertent error not a bad faith effort to deceive or mislead the plaintiff, and correction of that error will cause no undue prejudice to the plaintiff. Although the request to amend comes on the eve of trial, it is clear that the issues involved in Count II have been disputed throughout this litigation.

For these reasons, the Court **GRANTS** Luna's motion (Doc. 63). It will not, however, allow Luna to file an amended answer only addressing Count II; Luna must file an amended answer that contains his responses to all claims in the complaint. Accordingly, the Court **ORDERS** that Luna shall have up to and including March 23, 2007, to electronically file an amended answer addressing all claims in the complaint. <u>The Court has not filed the answer attached to Luna's motion for leave to amend.</u>

**IT IS SO ORDERED.**
**DATED:  March 22, 2007**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**
